## MARSHALL v PEWTER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15074. Decided March 23, 1936

Harrison & Marshman, Cleveland, for plaintiff in error.

E. A. Binyon, Cleveland, for defendant in error.

## OPINION

By ROSS, PJ.

There is evidence in the record that the defendant and his brother in law made the change, and that the latter acted as the servant or employe of the defendant; that the cleats were attached to the thin porch ceiling and that neither the cleats nor hooks were run through to the joists to which the thin ceiling strips were nailed.

The plaintiff alleges, and there is evidence to show that the defendant owner agreed specifically to make the change of the swing hangings at the time the prem-

ises were rented. Having so agreed and performed the work, he was required to do so in a careful manner and the plaintiff may recover for his failure to use the care which a reasonably prudent person is accustomed to use under the same or similar circumstances, if such failure was the proximate cause of the injuries suffered by the plaintiff.

The court evidently took the position that it was necessary for the plaintiff to prove that the defendant himself had actually performed the work of changing the swing hangings. The general charge is so framed.

The court says:

"Now you are the sole judges of the facts and it is for you to determine whether this swing was erected by the defendant, as plaintiff alleges, or whether it was erected by O'Hara, or any other person. It is for you to determine in what manner this swing was erected, how it was fastened, what the construction of the ceiling was to which it was fastened, and in general it is for you to determine all of the controverted questions in the case and then having determined those questions, taking them along with such questions as are not in controversy, it is for you to say whether the defendant did erect this swing and if he did, whether or not he was guilty of negligence in the manner in which he did erect it in any one or more of the respects alleged by the plaintiff under the facts and circumstances then and there existing."

Counsel for plaintiff requested the court to add to the general charge by stating in substance that:

"If you find that the swing was erected by O'Hara, or by O'Hara and the defendant jointly, and that O'Hara in what he did was working for the defendant and was subject to his control rather than by virtue of any arrangement between O'Hara and the plaintiff, then you would deal with the situation as though the swing was erected by the defendant himself."

The court erred in thus limiting recovery on the part of the plaintiff and in refusing to charge in substance as was requested by plaintiff.

The judgment will be reversed solely for such error in the general charge and for refusal to charge further as requested, and the case is remanded for a new trial.

HAMILTON and MATTHEWS, JJ, concur.